**QIN CHEN, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Department of Justice, Respondents.**

**No. 07–1005–ag.**

United States Court of Appeals, Second Circuit.

Feb. 28, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Yee Ling Poon, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Mark C. Walters, Assistant Director; Theodore C. Hirt, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Qin Chen, a native and citizen of China, seeks review of a February 22, 2007 order of the BIA, affirming the June 29, 2005 decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qin Chen*, No. A95 673 964 (B.I.A. Feb. 22, 2007), *aff'g* No. A95 673 964 (Immig. Ct. N.Y. City June 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts and affirms the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ Here, we find that the record supports the agency's determination that Chen failed to establish eligibility for asylum or withholding of removal. Before the agency, Chen asserted that she feared persecution on account of China's family planning policy. In light of the fact that Chen is unmarried and has no children, the IJ reasonably found her fear of persecution on this ground too speculative to be well-founded. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (per curiam) (holding that "[i]n the absence of solid support in the record for [an applicant's] assertion that [s]he will be [persecuted], [her] fear is speculative at best"). Moreover, the agency reasonably concluded that Chen was not eligible for asylum based on the forced sterilization of her father and other family members. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 140–41 (2d Cir.2007) (citing *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308–09 (2d Cir.2007) (en banc))

Chen further claimed that she had a well-founded fear of future persecution based on her membership in "the particular social group of Chinese women of childbearing age who desire and intend to have

a large family; have relatives, who, desiring to have large families, have been force to undergo an abortion or sterilization by the Chinese government; and oppose and resist the coercive population control policy by leaving the country." Even if this particular social group exists, Chen did not provide any evidence that women in such a group are singled out for persecution. Accordingly, the agency did not err in determining that she failed to offer evidence that any persecution she might suffer would be imposed on account of her membership in said social group. *See* 8 U.S.C. § 1101(a)(42).

Chen's final assertion in support of her asylum claim was that she established a well-founded fear of persecution by demonstrating that she would be imprisoned for illegally departing China, because such imprisonment would amount to persecution on account of her political opinion since she illegally departed China to avoid the family planning policy. As Chen admits illegally departing China, the agency, noting that prosecution for violating a generally applicable statute does not alone constitute a valid basis for granting asylum, properly found that she was not eligible for relief on this ground. *See Qun Yang v. McElroy,* 277 F.3d 158, 163 n. 5 (2d Cir. 2002) (per curiam).

For these reasons, the agency did not err in finding that Chen failed to establish a well-founded fear of future persecution. As such, the agency reasonably denied Chen's asylum and withholding of removal claims as they were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

■ Chen further challenges the agency's denial of her application for CAT relief, arguing that the background evidence in the record demonstrates that it is more likely than not that she will be tortured by Chinese government officials on account of her illegal departure from that country and by smugglers with the acquiescence of government officials on account of her unpaid debt. We have held that an applicant cannot demonstrate that she is more likely than not to be tortured "based solely on the fact that she is part of the large class of persons who have illegally departed China" and on generalized evidence indicating that torture occurs in Chinese prisons. *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005); *see also Pierre v. Gonzales,* 502 F.3d 109, 118–19 (2d Cir.2007) (holding that beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained). Here, substantial evidence supports the agency's denial of Chen's CAT claim, as Chen provided no basis for the IJ to conclude that she, or someone in her "particular alleged circumstances," faces an elevated risk of torture. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED.